JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX ESQUEDA,<br><br>             Plaintiff,<br><br>    v.<br><br>TEAM INDUSTRIAL SERVICES, INC. et al.,<br><br>             Defendants. | Case No. 2:21-cv-03321-FLA (GJSx)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION TO REMAND [DKT. 8] AND (2) CONSOLIDATING ACTION WITH RELATED CASE** |

## RULING

Before the court is Plaintiff Alex Esqueda's ("Esqueda" or "Plaintiff") Motion to Remand ("Motion"). Dkt. 8 ("Mot"). Defendant Team Industrial Services, Inc. ("Defendant" or "Team") opposes the Motion. Dkt. 13 ("Opp."). On July 20, 2021, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for July 23, 2021. Dkt. 19; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated below, the court (1) DENIES Plaintiff's Motion to Remand, and (2) CONSOLIDATES this action with the related case styled *Michael*

*Thai v. Team Industrial Services, Inc., et al.*, Case No. 2:21-cv-03319-FLA (GJSx) ("*Thai* action").

## BACKGROUND

Plaintiff filed this action against Defendant in Los Angeles Superior Court on August 26, 2020. Dkt. 1-1 ("Compl."). In the class action Complaint, Plaintiff brings the following causes of action: (1) Failure to Pay Wages Including Overtime as Required by California Labor Code §§ 510 and 1194; (2) Failure to Provide Meal Periods as Required by California Labor Code §§ 226. 7 and 512; (3) Failure to Provide Rest Periods as Required by California Labor Code §§ 226.7 and 512; (4) Failure to Pay Timely Wages as Required by California Labor Code § 203; (5) Failure to Provide Accurate Itemized Wage Statements as Required by California Labor Code § 226; and (6) Violation of Business & Professions Code § 17200 et seq. *Id.*

Defendant removed the action to federal court on April 16, 2021. Dkt. 1. In its Notice of Removal, Defendant argues the court has jurisdiction over the action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). *See id*. Specifically, Defendant argues removal is proper because on March 17, 2021, Plaintiff stated for the first time in a mediation brief in the related *Thai* action that the number of class members includes 2,000 employees and that potential damages exceed $225 million. *Id.* According to Defendant, Plaintiff's claims here are "similar, if not identical, to those brought by the *Thai* Plaintiff," and the mediation brief was submitted on behalf of both Plaintiffs Thai and Esqueda. *Id.* ¶¶ 4, 6. In response, Plaintiff argues that reliance on the confidential mediation brief for removal purposes is improper. *See* Mot. 2.

On June 25, 2021, the court ordered the parties to submit supplemental briefing on three issues: (1) the reasonable estimate of Plaintiff's total class damages, including attorney's fees, against Defendant; (2) whether any confidentiality agreement between the parties and/or evidentiary privilege applies to Plaintiff's

damages estimate in his mediation brief, and whether any legal authority bars the court from considering that estimate for the limited purpose of determining CAFA amount-in-controversy jurisdiction; and (3) whether this action should be consolidated with the related *Thai* action. Dkt. 16. Both parties submitted supplemental briefs on July 9, 2021. *See* Dkts. 17, 18.

**MOTION TO REMAND**

**I.     Legal Standard**

A defendant may remove an action from state court to federal court if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. § 1441(a). The Class Action Fairness Act of 2005 ("CAFA") provides federal subject matter jurisdiction if (1) the proposed plaintiff class is not less than 100 members, (2) the parties are minimally diverse, and (3) the aggregate amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2), (5)(B). "Congress intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

The party seeking removal bears the burden of establishing federal subject matter jurisdiction under CAFA. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). Where the amount in controversy is not apparent from the face of the complaint, the removing party "must prove by a preponderance of the evidence that the amount in controversy requirement [under CAFA] has been met." *Id.* While generally, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," where a plaintiff contests the amount in controversy put forth by the defendant, "[e]vidence establishing the amount is required…." *Dart Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). The parties, thus, "may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra*, 775 F.3d at 1197 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.

3

1997)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.*

Removal under CAFA must also be timely. A defendant must remove the case to federal court "(1) during the first thirty days after the defendant receives the initial pleading, or (2) during the first thirty days after the defendant receives 'an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable.'" *Reyes v. Dollar Tree Stores, Inc.*, 781 F. 3d 1185, 1189 (9th Cir. 2015) (quoting 28 U.S.C. § 1446(b)(1) and (b)(3)) (italics omitted). The first time period under § 1446(b)(1) is "triggered if the case stated by the initial pleading is removable on its face," and the second time period under § 1446(b)(3) is "triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Carvalho v. Equifax Info. Servs., LLC*, 629 F. 3d 876, 885 (9th Cir. 2010) (internal quotation marks and citations omitted).

**II.     Analysis**

        1.     *Timeliness*

Defendant alleges removal is timely under 28 U.S.C. § 1446(b)(3) because the notice of removal was filed on April 16, 2021, which was within thirty days of service of Plaintiff's March 17, 2021 mediation brief, in which Defendant learned for the first time that jurisdiction pursuant to CAFA is proper. Dkt. 1 ¶ 7. Plaintiff argues Defendant's removal was untimely because Defendant could have ascertained the potential amount in controversy from information in its possession before Plaintiff served the mediation brief, and asserts it is "disingenuous" for Defendant to claim that it learned the amount in controversy from Plaintiff's brief. Mot. 11. The court disagrees and finds Defendant's removal was timely.

First, if the face of the Complaint does not reveal the case is removable, Defendant does not have an affirmative obligation to calculate the amount in

controversy to determine whether CAFA jurisdiction is proper under 28 U.S.C. § 1446(b)(1). *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry"). Indeed, the Complaint in this action specifically alleges that the amount in controversy is less than $5 million. Compl. ¶ 4. Defendant, therefore, did not have any obligation to provide its own estimate of the amount in controversy and remove the case to federal court within thirty days of service of the Complaint pursuant to 28 U.S.C. § 1446(b)(1).

Second, removal was proper under 28 U.S.C. § 1446(b)(3). A mediation brief constitutes "other paper" under 28 U.S.C. § 1446(b)(3) from which "it may be first ascertained that the case is one which is … removable." *See, e.g.*, *Vitale v. Celadon Trucking Servs. Inc.*, No. 2:16-cv-08535-PSG (GJSx), 2017 WL 626356, at *3 (C.D. Cal. Feb. 15, 2017). Plaintiff does not dispute the March 17, 2021 mediation brief was the first time Defendant received notice that Plaintiff contended the amount-in-controversy could exceed $5 million. *See* Mot. 11-12. Thus, Defendant had thirty days to remove the case after receipt of Plaintiff's mediation brief containing the damages estimate of over $225 million. Defendant removed the action on April 16, 2021, which was within thirty days of being served the mediation brief. Dkt. 1 ¶ 7. Accordingly, removal was timely.[1]

///

---

[1] Although the court ultimately does not rely upon the damages figure in the mediation brief to find the amount in controversy satisfied under CAFA, the additional evidence Defendant submitted on July 9, 2021 to support its amount in controversy calculation—and upon which the court does rely—was timely submitted in response to the court's request for supplemental briefing. *See* Dkt. 18. As the removal was timely in response to the mediation brief, the court will consider the evidence submitted with Defendant's July 9, 2021 supplemental brief in determining whether federal jurisdiction exists here.

### 2.     *Amount-in-Controversy*

As the parties do not contest CAFA's jurisdictional requirements of minimum diversity and class numerosity, the sole remaining dispute is whether CAFA's requirement that the amount in controversy exceed $5 million is met. *See* Mot. 6; Opp. 7.

In response to the court's order for supplemental briefing in this action, Defendant submitted evidence on July 9, 2021, independent of Plaintiff's mediation brief, demonstrating that the amount in controversy exceeds $5 million. *See* Dkts. 18, 18-1. Specifically, Defendant estimates that the amount in controversy for this putative class action is at least $23,311,735.90. Dkt. 18 at 6. Defendant calculates this figure based on Plaintiff's six causes of action, the estimated class sizes for each, the applicable limitation periods and statutory damages, and average hourly pay rates. *Id.* at 8-15.

Plaintiff does not argue or submit evidence in his supplemental briefing to establish that a reasonable estimate of his class claims amounts to $5 million or less. *See* Dkt. 17. Instead, Plaintiff acknowledges Defendant is in possession of "all payroll information to provide a reasonable damages analysis to support removal." *Id.* at 1. Notably, Plaintiff does not affirmatively disavow damages meeting or exceeding $5 million, despite having alleged in the Complaint that the aggregate amount in controversy is under this sum. *Compare* Dkt. 17 *with* Compl. ¶ 4.

After reviewing the parties' papers, the court is satisfied that Defendant's calculation is based on reasonable assumptions, e.g., that putative class members experienced 1.5 hours of unpaid overtime per workweek or were denied a meal break once per workweek. *See* Dkt. 18 at 10-11; *see also Ibarra*, 775 F.3d at 1197 (noting the court is to test whether CAFA's requirements are met by a preponderance of the evidence by considering "the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure").

The court, therefore, concludes Defendant has met its burden to establish federal subject matter jurisdiction under CAFA.

Plaintiff's Motion to Remand, therefore, is DENIED. Having denied the motion on this basis, the court need not address the parties' arguments whether Plaintiff's estimate from his mediation brief supports federal jurisdiction under CAFA.

### 3. *Plaintiff's Request to Strike*

Plaintiff requests the court strike the Declaration of Michael Cross (Dkt. 1-5) because the statements (1) were improperly introduced and are statutorily protected by the California mediation and settlement privilege, and (2) are inadmissible hearsay. Dkt. 17 at 1. As the court did not rely on the Cross Declaration in resolving the instant Motion to Remand, the request is DENIED as moot.

## CONSOLIDATION

Fed. R. Civ. P. 42(a) ("Rule 42(a)") allows consolidation of "actions involving a common question of law or fact." District courts have broad discretion under Rule 42(a) to consolidate cases pending in the same district, *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855-56 (9th Cir. 2016), and may consolidate cases sua sponte, *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). In determining whether to consolidate, "a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028 (N.D. Cal. 2003).

Neither party opposes the consolidation of this action with the related *Thai* action, Case No. 2:21-cv-03319-FLA (GJSx). Given the overlapping questions of law and fact, the court CONSOLIDATES the two actions for all purposes including, but not limited to, discovery, pretrial proceedings, and trial. No further filings shall be made or accepted in this action, and the file shall be administratively closed. All pleadings therein shall maintain their legal relevance. Any further pleadings or other

filings received by the Clerk of Court for Case No. 2:21-cv-03321-FLA (GJSx) shall be filed in the consolidated action bearing Case No. 2:21-cv-03319-FLA (GJSx).

### CONCLUSION

For the foregoing reasons, the court (1) DENIES Plaintiff's Motion to Remand, and (2) CONSOLIDATES this action with the related case styled *Michael Thai v. Team Industrial Services, Inc., et al.*, Case No. 2:21-cv-03319-FLA (GJSx).

IT IS SO ORDERED.

Dated: October 1, 2021

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge